UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23468-CIV-WILLIAMS/REID

SHARP SHIRTER INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This cause is before the Court on Plaintiff, Sharp Shirter Inc.'s ("Sharp Shirter" or "Plaintiff") *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Motion"). [ECF No. 7]. This matter was referred to the Undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). [ECF No. 28]. Upon the Undersigned's recommendation, the Court previously granted the Motion in part and entered a Temporary Restraining Order ("TRO") [ECF No. ], and subsequently extended the TRO's duration [ECF No.   ]. Sharp Shirter now seeks a preliminary injunction against Defendants, Individuals, Partnerships, and Unincorporated Associations Identified on Scheduled "A" to the Complaint, pursuant to 17 U.S.C. §§ 502 and 503, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

On December 27, 2022, the Undersigned held oral argument on the motion for preliminary injunction at which Plaintiff's counsel presented evidence supporting the Motion. None of the Defendants appeared.

1

The Undersigned has carefully considered the Motion, the record, the arguments, and the governing law. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, it is **RECOMMENDED** that Plaintiff's Motion as to all Defendants be **GRANTED**.

## BACKGROUND

On October 24, 2022, Plaintiff filed its Complaint [ECF No. 1] against Defendants for counterfeiting and federal copyright infringement alleging that the Defendants through e-commerce stores, are advertising, marketing and promoting Plaintiff's federally registered copyright artwork and illustrations on products in violation of federal copyright law. The next day, on October 25, 2022, Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. [ECF No. 7]. Plaintiff sells unique and original artworks and illustrations which are displayed on branded apparel and home decorations. [ECF No. 7-1 at ¶¶ 4, 6, 9, 16–18]. These works were created by Daniel Lachman (aka Dan Lachman), Owner of Sharp Shirter, and are protected by copyright, and registered with the Copyright Office (collectively "the Works") [*Id.*], under the following registration numbers:

| **Copyright Title and Description** | **Reg. No.** | **Reg. Date** |
|---|---|---|
| Slothzilla | VAu 1-167-395 | 10/16/2013 |
| Stripper Sloth | VAu 1-167-397 | 09/26/2013 |
| Caticorn, Flowers, SlothVegas, Hot Air Bearoons, Sea Creatures, Slothzilla Titanic, Meowmore, Goodnight Sloth | VAu 1-217-520 | 05/05/2015 |

Plaintiff alleged it had never granted authorization to anyone to advertise, market or promote unauthorized goods using Plaintiff's copyrighted Works. [*Id.* at ¶ 19].

Plaintiff demonstrated that Defendants, through e-commerce stores operating via Internet marketplace platforms under their seller identification names identified on Schedule "A" to the Complaint in this action (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be reproductions and derivatives of the copyrighted Works [*Id.* at ¶¶ 25, 26, 30, 32; ECF No. 7-2 at ¶¶ 10, 11]. Plaintiff or someone under its supervision investigated the promotion and sale of infringing versions of Plaintiff's products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of infringing versions of Plaintiff's merchandise through the Seller IDs. [ECF No. 7-1 at ¶¶ 20, 21; ECF No. 7-2 at ¶ 9]. Plaintiff or someone under its supervision accessed the e-commerce stores operating under Defendants' Seller IDs. Plaintiff created detailed web page captures and photographs of the products using the copyrighted Works. [ECF No. 7-1 at ¶¶ 29, 30; ECF No. 7-2 at ¶¶ 10, 11]. Test purchases were placed for certain products – all goods bearing infringements of the copyrighted Works at issue in this action – and requested that each product be shipped to addresses in the United States. [ECF No. 7-1 at ¶¶ 35, 36]. Plaintiff or someone under its supervision reviewed and visually inspected the products and determined the products were non-genuine, unauthorized versions of Plaintiff's products. [*Id.* at ¶ 29].

On November 8, 2022, the Undersigned issued a Report and Recommendation ("R&R") recommending a Temporary Restraining Order ("TRO") against all Defendants be issued. [ECF No. 20]. The District Judge issued an Order adopting the R&R on November 16, 2022 [ECF No. 23], and an Amended Order adopting the R&R on November 30, 2022 [ECF No. 28]. Plaintiff filed a Motion to Extend the Temporary Restraining Order by fourteen days [ECF No. 31], which the Court granted on December 12, 2022 [ECF No. 33]. Plaintiff filed Certificates of Service for all 263 Defendants listed in its Schedule A. *See* [ECF Nos. 32; 34; 35; 38].

Prior to the hearing on the preliminary injunction on December 27, 2022, Plaintiff provided proof that it had served the Defendants identified on Schedule A by emailing the Defendants the Complaint and summons issued in this case and the link where the full text of the Complaint, exhibits thereto, TRO, and the full text of all other documents filed in the action were available to view and download, in compliance with the Court's Order on Alternate Service.[1] [ECF Nos. 32, 34, 35, 38]. At the hearing on the preliminary injunction, Plaintiff indicated that Defendants identified as numbers 108 and 109 on its Schedule A were served on December 27, 2022, the same date as the hearing. [ECF No. 38]. Plaintiff's counsel informed the Court that Plaintiff had previously obtained the email addresses for these Defendants from the internet marketplace eBay on December 9, 2022, and that these Defendants' bank accounts were among those which had been frozen pursuant to the TRO.

## **LEGAL STANDARD**

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

---

[1] Alternative service by email and by posting a copy of the Summons, Complaint, and all filings in this matter on Plaintiff's designated website appearing at www.sriplaw.com/notice was authorized pursuant to Fed. R. Civ. P. Rule 4(f)(3) because the Defendants reside or operate from China or other foreign countries. [ECF No. 19].

## **DISCUSSION**

The Undersigned concludes that the restraints previously granted in the TRO should remain in place concerning Defendants through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. The evidence submitted in support of this Motion establishes that Plaintiff has a likelihood of success on the merits, that no remedy at law exists, and that Plaintiff will suffer irreparable harm if the injunction is not granted.

To succeed on a claim of copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020) (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)). To determine whether one work infringes on another, "courts look to whether 'substantial similarity' exists between the allegedly infringing work and the protectable elements of the copyrighted work." *Morford v. Cattelan*, No. 21-20039-CIV, 2022 WL 2466775, at *2 (S.D. Fla. July 6, 2022) (cleaned up).

The Undersigned concludes that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by the advertisement, promotion, sale, offer for sale, or distribution of goods by Defendants bearing counterfeits, reproductions, or colorable imitations of the products using plaintiff's copyright protected works registered with the Copyright Office under the registration numbers VAu 1-167-395, VAu 1-167-397, and VAu 1-217-520. The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the temporary restraining order to protect Plaintiff's

Copyright interests and protect the public from being defrauded by the Defendants' illegal sale of counterfeit goods as Plaintiff's genuine goods.

Further, the Copyright Act permits the recovery of Defendants' profits. See 17 U.S.C. § 504. Furthermore, the Copyright Act permits the entry of an injunction to restrain violations of those acts, 17 U.S.C. § 502, 35 U.S.C. § 283, and the Copyright Act authorizes an order impounding infringing goods and articles. 17 U.S.C. § 503.

With respect to Defendants 108 and 109, according to Plaintiff, these Defendants may have received notice of the hearing on the preliminary injunction the same day the hearing occurred. Defendants must have notice and an opportunity to present their opposition before a preliminary injunction issues. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). Short notice periods have been accepted as adequate where, for example, the defendant had ample actual notice of the request for preliminary relief or cannot establish prejudice. *Id.* at 1211 n.5. The sufficiency of the notice is left to the discretion of the court. *Id.* at 2010. Here, Plaintiff noted at the hearing that the Defendants' accounts would have been frozen providing Defendants with an opportunity to contact their bank in order to learn of the pending lawsuit. Furthermore, the fact that none of the hundreds of other Defendants contested Plaintiff's motion for a preliminary injunction shows that opposition is unlikely. Nothing here indicates that this a case in which there is any serious dispute of the facts central to Plaintiff's claim. Finally, Defendants will have the opportunity to file an objection controverting Plaintiff's evidence during the time period allotted for objections to this Report.

## **CONCLUSION**

Upon review of Plaintiff's Complaint, Motion, and supporting evidentiary submissions, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction against Defendants numbered 1 through 263 be **GRANTED**, under the terms set forth below:

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

    a. From copying, displaying, distributing or creating derivative works of Plaintiff's copyrighted Works; and

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use the Plaintiff's copyrighted Works, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

3. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

4. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

5. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com

platform ("AliExpress"), AliPay (China) Internet Technology Co. Ltd., Alipay.com Co., Ltd., and Alipay Singapore E-Commerce Private Limited (collectively, "Alipay"), Amazon Payments, Inc. ("Amazon"), Camel FinTech Inc, ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Payoneer, Inc. ("Payoneer") or PingPong Global Solutions Inc. ("PingPong"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), and their related companies and affiliates shall, and, to the extent not already done, shall continue to restrain the transfer of funds held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto.

6. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, AliExpress, Alipay, Amazon, Camel FinTech Inc, ContextLogic, PayPal, eBay, Payoneer, PingPong, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

7. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, AliExpress, Alipay, Amazon, Camel FinTech Inc, ContextLogic, PayPal, eBay, Payoneer, PingPong, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

8. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

9. This Order shall remain in effect until such further dates as set by the Court or stipulated by the parties.

## BOND POSTED

10. The Court determines that the bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) posted by Plaintiff as evidenced by the Notice of Filing Bond filed on December 7, 2022 (DE 30) is sufficient and shall remain with the Court until a final disposition or until this Preliminary injunction is dissolved or terminated.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), the parties have **SEVEN (7)** days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 28th day of December, 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Kathleen M. Williams;**
**Counsel of Record**