UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-23468-KMW

SHARP SHIRTER INC.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendant.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AS TO CERTAIN DEFENDANTS

THIS CAUSE comes before the Court upon Plaintiff SHARP SHIRTER INC., ("Sharp Shirter" or "Plaintiff") Motion for Entry of Final Judgment by Default as to Certain Defendants Identified on Schedule "A" and Incorporated Memorandum of Law (the "Motion"), filed on May 3, 2023. (ECF. No. 64). A Clerk's Default was entered against Defendants listed in Schedule "A" to the Complaint as 1–43, 45–48, 50–53, 55–58, 60–62, 64–74, 76–94, 96–110, 112–248, and 250–263 (collectively, "Defaulting Defendants"). (ECF No. 1).[1] Defendants failed to appear, answer, or otherwise plead to the Complaint (ECF No. 1) despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised.

---

[1] This Order does not apply to the Defaulting Defendants identified in Schedule "A" who have been dismissed from the case. (*See* ECF No. 31, 38, 42).

1

Plaintiff's motion was referred to the Undersigned for Report and Recommendation by the Honorable Kathleen M. Williams, United States District Judge. (ECF No. 66). For the reasons discussed below, the Court **RECOMMENDS** that Plaintiff's Motion for Final Default Judgment (ECF No. 64) be **GRANTED**. The Court notes that Defendants did not file a response to the Motion, and the time to do so has passed.

## I.  INTRODUCTION

Plaintiff sued Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (5) & 501.

The Complaint alleges that Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies of Plaintiff's works in interstate commerce that are counterfeits and infringements of plaintiff's intellectual property rights (the "Counterfeit Goods") within the Southern District of Florida by operating the Defendants' Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "Seller IDs").

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have 1) deprived Plaintiff of its right to determine the manner in which its copyrights are presented to consumers; (2) defrauded consumers into thinking Defendants' illicit copies of Plaintiff's copyrights are authorized by Plaintiff; (3) deceived the public as to Plaintiff's sponsorship of and/or association with Defendants' counterfeit products and the websites on online storefronts through which such products are sold, offered for sale, marketed, advertised, and distributed; and (4) wrongfully damaged Plaintiff's ability to market its copyrighted works and educate consumers about its brand via the Internet in a free and fair marketplace.

In its Motion, Plaintiff seeks the entry of default final judgment against Defendants in an action alleging infringement of copyright. Plaintiff further requests that the Court (1) enjoin Defendants' unlawful use of Plaintiff's copyrighted works; (2) award Plaintiff damages; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to the Plaintiff in partial satisfaction of the award of damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017); see also *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

If there are multiple defendants, the plaintiff must state in the Motion for Default Final Judgment that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability. Generally, if one defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. *See* 10A

Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")). "Even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The Defendants remaining in the case have not appeared and have defaulted. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants and an adjudication may be entered. The Court thus finds there is a sufficient basis in the pleading for the default judgment to be entered with respect to the defaulting Defendants.

## II.    FACTUAL BACKGROUND[2]

Plaintiff is the owner of copyrights in two dimensional artworks and illustrations (the "Works"). Plaintiff registered the Works with the Register of Copyrights (the "Copyrighted Works"), shown in the chart below. Plaintiff is the owner of all the Works through copyright, and some by written assignment.

| Copyright Title | Registration Number | Registration Date |
| --- | --- | --- |
| Slothzilla | VAu 1-167-395 | 10/16/2013 |
| Stripper Sloth | VAu 1-167-397 | 09/26/2013 |
| Caticorn, Flowers, SlothVegas, Hot Air Bearoons, Sea Creatures, | VAu 1-217-520 | 05/05/2015 |

---

[2] The factual background is taken from Plaintiff's Complaint (ECF No. 1), Plaintiff's Motion for Entry of Final Default Judgment, and supporting evidentiary submissions.

| Slothzilla Titanic, Meowmore, Goodnight Sloth | | |
|---|---|---|

Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" hereto (the "Seller IDs") have advertised, promoted, offered for distribution, and/or distributed products using counterfeits, infringements, reproductions, and/or colorable imitations of the Copyrighted Works. Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, the Copyrighted Works. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, or distribute the Copyrighted Works.

As part of its ongoing investigation regarding the sale of counterfeit and infringing products, Sharp Shirter has an anticounterfeiting program that regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. These investigations have established that defendants are using the various webstores on platforms such as AliExpress, Amazon.com, Alibaba, eBay.com, Wish.com and others to sell Counterfeit Products from foreign countries such as China to consumers in the United States. Sharp Shirter accessed defendants' Internet based e-commerce stores operating under their respective Seller ID names through AliExpress.com, Amazon.com, eBay.com, and Wish.com.

Upon accessing each of the e-commerce stores, Sharp Shirter viewed counterfeit products using the Sharp Shirter's Copyrighted Works, added products to the online shopping cart, proceeded to a point of checkout, and otherwise actively exchanged data with each e-commerce store. Sharp Shirter captured detailed web pages for each defendant store. A representative for Sharp Shirter personally analyzed the Sharp Shirter items wherein orders were initiated via each

of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the Sharp Shirter's Copyrighted Works, and concluded the products were non-genuine.[3]

### III.   ANALYSIS

#### A.   Claims

##### 1.   *Infringement of Copyright (Count 1)*

To prevail on a claim of direct infringement of copyright pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (2) and (5), Plaintiff must "satisfy two requirements to present a prima facie case of direct copyright infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); see also *Disney Enters. v. Hotfile Corp.*, Case No. 11-20427-CIV-Williams, 2013 U.S. Dist. LEXIS 172339, at *94 (S.D. Fla. 2013).

#### B.   Liability

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. (*See* ECF No. 1). Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

#### C.   Injunctive Relief

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final

---

[3] Evidence of each Defendant's infringement was attached as Exhibit 1 to the Declaration of Daniel Lachman. (See ECF No. 7-1).

injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctions are regularly issued pursuant to section 502 because "the public interest is the interest in upholding copyright protections." *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiffs have carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its Sharp Shirter's works in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting and infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's copyrights, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' counterfeit products and piracy. See *Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("(A)n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. See, e.g., *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402

U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . (t)he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defaulting Defendants will be free to continue infringing plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering that all listings and associated images of goods bearing counterfeits and/or infringements of plaintiff's copyrights be permanently removed from Defendants' internet stores by the applicable internet marketplace platforms, and all infringing goods in Defendants' inventories in the possession of the applicable internet marketplace platforms be destroyed.

### D. Damages for Copyright Infringement

Under 17 U.S.C. § 504, Plaintiff is entitled to recover either the actual damages suffered as a result of the infringement plus Defendants' additional profits, or statutory damages. Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Lorentz v. Sunshine Health Prods.*, No. 09-61529-CIV-MOORE, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010). Here, however, Defendants, who have not appeared, control all the necessary information for a calculation of relief under § 504(b). As a result, Plaintiff cannot

calculate an amount recoverable pursuant to 17 U.S.C. § 504(b). Instead, Plaintiff seeks an award of statutory damages for Defendants' willful infringement of plaintiff's copyrighted works under 17 U.S.C. § 504(c).

The allegations in the Complaint, which are taken as true, establish that Defendants listed as copyright infringers in Exhibit 1 to the Motion intentionally infringed plaintiffs' Copyrighted Photographs for the purpose of advertising, marketing, and selling their Counterfeit Products. Plaintiffs suggest the Court award the highest award per Work for willful infringement, $100,000. This award is within the statutory range for a willful violation, and is sufficient to compensate plaintiff, punish the Copyright Defendants, and deter Copyright Defendants and others from continuing to infringe Plaintiffs' copyrights.

### E.  Attorney's Fees and Costs

Plaintiff seeks an award of reasonable attorney's fees pursuant to 17 U.S.C. § 505. Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Copyright Act. *Volkswagen*, 2021 WL 1997573, at *12; *Myeress v. Beautiful People Mag., Inc.*, No. 22-CV-20137, 2022 WL 1404596, at *4 (S.D. Fla. May 4, 2022); *Max'is Creations, Inc., v. The Individuals, Partnerships, And Unincorporated Associations Identified On Schedule "A,"*, No. 21-CV-22920, 2022 WL 104216, at *9 (S.D. Fla. Jan. 11, 2022).

Plaintiff has established that Defendants acted willfully in their infringement of the Copyrighted Works. Defendants failed to respond or otherwise act, leading to unjustified delays and increased costs and fees. See *Arista Records, Inc. v. Beker Enterprises, Inc*., 298 F. Supp. 2d 1310, 131 (S.D. Fla. 2003). An award of attorney's fees and costs will serve the important functions of deterring future infringements, penalizing Defendants for their unlawful conduct, and compensating Plaintiff for their fees and costs. *Id.*

Plaintiff requests the Court award the total attorney's fees incurred to date in this case, for a total of $16,445.00 plus court costs of $402.00. The Court determines that the hourly rates for Plaintiff's counsel are reasonable as established by the Declaration of Joel Rothman. The amount and rates are also reasonable for the work performed as compared to other similar litigation.

The allegations in the Complaint establish that Defendants are causing and contributing "to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for plaintiff's genuine goods," and that they are causing concurrent and indivisible harm to plaintiff and the consuming public by "(i) depriving plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated Plaintiff's business and its intellectual property assets, and (iii) increasing plaintiff's overall cost to market its goods and educate consumers via the Internet." (ECF No. 13-1 ¶ 76). The Court finds these allegations sufficient to assess plaintiff's attorney's fees and costs against defendants jointly and severally. See *Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC*, No. C 12-04516 SC (LB), 2014 WL 3738327, at *20 (N.D. Cal. June 20, 2014), *report and recommendation adopted*, No. 12-CV-04516-SC, 2014 WL 3728517 (N.D. Cal. July 28, 2014) (entering attorney's fee award against defendants jointly and severally).

For the foregoing reasons, the Court finds that Plaintiff Sharp Shirter Inc., as the prevailing party, is entitled to reasonable attorney's fees and costs in the amount of $16,847.00.

## IV.  CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment (ECF. No. 64) be **GRANTED** against those Defendants listed in Schedule

"A" to the Complaint as 1–43, 45–48, 50–53, 55–58, 60–62, 64–74, 76–94, 96–110, 112–248, and 250–263.

**SIGNED** this 30th day of August, 2023

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE